IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV76-1-MU

| | | |
|---|---|---|
| YILIEN OSNARQUE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| SANDY THOMAS, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

      **THIS MATTER** comes before the Court upon Petitioner's Motion to Set Aside

Judgment (Doc. No. 6), filed April 10, 2008.

      On February 27, 2008, Petitioner filed a federal habeas petition with this Court.  On

March 3, 2008, after conducting an initial review of Petitioner's federal habeas petition, this

Court concluded, based upon the information provided by Petitioner himself, that his petition

was untimely and dismissed the petition.  On April 10, 2008, Petitioner filed the instant Motion

to Set Aside Judgment.

      In his Motion to Set Aside Judgment, Petitioner provides a more complete procedural

history of his criminal case in the state court system. That is, he informs the Court about several

filings that he did not disclose in his federal habeas petition.  However, even after taking into

account the information and arguments contained in Petitioner's motion, for the reasons set forth

below, the Court concludes that Petitioner's federal habeas petition is still untimely.

      Petitioner was sentenced in state court on December 7, 2005.  An Amended Judgment

and Conviction was filed February 13, 2006.[1]  Assuming, for the purposes of this Order, that

Petitioner's conviction did not become final until the date of his Amended Judgment and

Conviction, his limitation period began to run fourteen days later when his time to appeal had

expired on February 27, 2006.[2]  Petitioner's limitation period then ran for 276 days until he filed

his first MAR and a petition for writ of certiorari, both in the North Carolina Court of Appeals

and both on December 1, 2006.  These filings tolled[3] Petitioner's limitation period until the

North Carolina Court of Appeals dismissed both filings in an order dated December 22, 2006.

Petitioner's limitation period then began to run again[4] for 55 days until he filed with the Superior

Court a second MAR on February 26, 2007, which was dated February 16, 2007.[5]  Petitioner's

---

[1] In the State's response to Petition for Writ of Certiorari the State set forth that an Amended Judgment was entered to correct a clerical error.  Although it seems unlikely such an event would restart AEDPA's limitation period, as Petitioner's petition is untimely in either case, for the purposes of this Order only, this Court will use the date most beneficial to Petitioner.

[2] Petitioner pled guilty to a felony. A defendant who pleads guilty to a felony is entitled to appeal as a right in limited circumstances.  N.C. G. S. § 15A-1444.  This Court does not have the information to determine if Petitioner's minimum sentence fell within the presumptive range and therefore he had no right to appeal.  However, in either case, it makes no difference to the ultimate determination that his petition is untimely.

[3] This Court questions whether these filings were "properly filed."  Typically a Motion for Appropriate Relief  is filed in Superior Court.  However, again, for purposes of this Order, this Court will give Petitioner every benefit of the doubt.

[4] Petitioner asserts that the entire period of his state post-conviction proceedings is tolled.  Petitioner is incorrect to the extent he is arguing that the time period between the denial of his first MAR and writ of certiorari and the filing of his second MAR should be tolled. Between the denial of his first MAR and the filing of his second MAR there was no "properly filed application . . .  pending."  28 U.S.C. § 2244(d)(2).  As such, that time period is not tolled.

[5] This Court is not aware of any authority establishing a "mailbox rule" for any state court filings.  Nevertheless, out of an abundance of caution, and for purposes of this Order only, this Court will calculate Petitioner's limitation period using his signature date rather than the filing date.

second MAR was dismissed on April 30, 2007.  Petitioner filed a petition for writ of certiorari which was dismissed on December 6, 2007.  Petitioner's limitation period then began to run again and expired thirty-four days later on January 9, 2008.  Petitioner did not sign and date  his federal habeas petition until February 25, 2008 – after his limitation period had expired.

Petitioner also again asserts that he should be entitled to equitable tolling because he is a layman of the law and he does not speak English well.  As this Court already stated in its earlier Order neither of these reasons satisfy the high standard required for equitable tolling.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Set Aside Judgment (Doc. No. 6) is **DENIED**.

Signed: March 11, 2009

Graham C. Mullen
United States District Judge